

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00006-CR

ERNEST DAVIS, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-12-24135

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Pursuant to a negotiated plea agreement, Ernest Davis pled guilty to the possession of cocaine in an amount of four grams or more but less than 200 grams with intent to deliver. Davis, who also pled true to the State's several enhancement allegations and waived his right to appeal this portion of his case, was placed on deferred adjudication community supervision for a period of ten years and was ordered to pay a $1,000.00 fine. Davis was subsequently arrested for possession of cocaine and pled true to allegations that he had violated the terms and conditions of his community supervision, leading the trial court to adjudicate his guilt. Davis was given the minimum twenty-five-year sentence referenced in his original negotiated plea agreement, and was assessed a $1,000.00 fine.

Davis' attorney on appeal has filed a brief which states that he has reviewed the record and has found no issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

On April 15, 2013, counsel mailed a copy of the brief, his motion to withdraw in this case, and a copy of "the entire record to Mr. Davis for his review." Davis' counsel also advised

Davis that he had "30 days in which to submit any non-frivolous issues that he wishes to have considered for appeal."

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). Therefore, we agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[1]


                                        Jack Carter
                                        Justice


Date Submitted:     June 19, 2013
Date Decided:       June 20, 2013

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.